GREER, DAVID 1829254
WAYNE SCOT UNIT
6999 RETRIEVE Rd
ANGLETON Tx 77515

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 05 2015

Abel Acosta, Clerk

11-2-15

Court of Criminal Appeals
Abel Acosta, Clerk
Supreme Court Bldg.
201 W 14th St Rm 106
Austin Tx 78711-1445
RE: EX PARTE DAVID GREER, WRIT #12-03324-CRF-222-A

Dear, Mr. Acosta,
Please find enclosed "APPLICANT'S MOTION TO ENFORCE
THE COURT'S ORDER TO HOLD EARL GRAY AND MARY
HENNESSY IN CONTEMPT OF COURT FOR THIER REFUSAL
AND FAILURE TO OBEY THE HONORABLE KYLE HAWTHORN'S
COURT ORDER" PLEASE FILE THIS ABOVE ENTITLED
CAUSE. THANK YOU FOR YOUR ATTENTION IN THIS
MATTER.

RESPECTFULLY SUBMITTED,

DAVID D GREER

| EX PARTE | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | 272nd JUDICIAL DISTRICT |
| DAVE D. GREER | § | BRAZOS COUNTY, TEXAS |

## APPLICANT'S MOTION TO ENFORCE THE COURT'S ORDER TO HOLD EARL GRAY AND MARY HENNESSY IN CONTEMPT OF COURT FOR THEIR REFUSAL AND FAILURE TO OBEY THE HONORABLE KYLE HAWTHORN'S COURT ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

### I.

To be entitled to an order to hold a person in contempt you must prove the following: In Re Guerra, 235 S.W.3d 392, 433 (Tex.App.-Corpus Christi 2007):

> "The contempt alleged in this case, violation of a written court order, outside the presence of the court, is constructive contempt. A finding of contempt for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonable specific order; (2) a violation of the order; and (3) the willful intent to violate the order. Citing Ex Parte Chambers, 898 S.W.2d 257,259 (Tex. 1995)."

### II.

On July 6, 2015 the Honorable judge Kyle Hawthorn issued a specific order to Eary Gray and Mary Hennessy providing them a definite deadline of (90) days from the signing of this order along with a reasonable specific details of what they <u>must</u> do. A copy of this order is now attached as Ex. A. This court order states in relevant part:

> "Pursuant to Tex.Code Crim.Proc.art. 11.07,§3(d), the Court is of the opinion that controverted, previously unresolved factual issues material to the legality of Applicant's confinement exist. Therefore, the Court designates the following issues of fact to be resolve:...To assist the Court in resolving these factual issues, Earl Gray (trial counsel) and Mary Hennessy (appellant counsel) are ORDERED to file affidavits responding to the respective allegations as to trial or appellate counsel contained in the application; said affidavit **must** be filed with the District Clerk of Brazos County, Texas **within ninety (90) days** of the signing of the order."

Gray was specifically order to respond to the allegations in Applicant's 11.07 grounds of error ten, twelve thirteen, Hennessy was to respond to grounds

1

of error fourteen-sixteen. Applicant in his diligent efforts to assist the Honorable Court and both attorneys in providing them specific notice of the exact allegations they needed to respond to. Applicant provided each a copy of the memorandum of law with attached exhibits and a copy of the supplemental motion for a live evidentiary hearing. These two documents and exhibits provided each attorney a specific detailed explanation of the factual allegations that required their response. Their signed and notarized affidavit responding to the specific allegation within the 11.07 was due to be filed on or before October 4, 2015. Today being November 2, 2015 which is well past the ordered deadline E. Gray has totally failed to respond. Therefore, he is undeniable in contempt of court. Furthermore, as the ordered stated his response is needed before the Honorable Court can resolve the factual allegations in Applicants 11.07. As such Gray's refusal and failure has and continues to impede, and frustrate the authority and dignity of this Honorable Court. Veteran Attorney and past prosecutor Gray is well aware that without his compliance this entire proceeding has came to a screeching halt. This is obvious, because without his respective response these issues can not be resolved. Therefore, his conduct can not be considered nothing less than willful.

### III.

Hennessy did submit an affidavit dated 10-2-15. This affidavit in the very third sentence swears: "I am making this affidavit pursuant to the order of the Judge of the 272nd District Court, the **Honorable Travis B. Bryan, III.**" This is a false, fraudulent and perjuried statement. This order was issued by Kyle Hawthorn. The reason Hennessy made this false, perjuried statement is irrelevant. Because her affidavit contains false and fraudulent information it must be stricken from the record. Texas has long held fraud vitiates whatever it touches.

2

"...Under Texas law once a party establishes that a document includes false and fraudulent matters, the entire document is fraud and therefore, a legal nullity. See Cox v. UpJohn Co., 913 S.W.2d 235, 231 (Tex.App.-Dallas 1995)(Texas courts have long held that 'fraud vitiates whatever it touches." Estate of Stonecipher v. Estate of Butts, 591 S.W.2d 806, 809 (Tex. 1979); Morris v. House, 32 Tex. 492, 495 (1870)."

Once her affidavit is stricken from the record she is in contempt of court order for failure to submit required affidavit. Without waiving the aforementioned reasons to hold Hennessy in contempt Applicant additionally will point the reasons Hennessy's affidavit did not comply with the relevant specific court order. Therefore, it's not in compliance with the court's order.

Applicant will point out that Hennessy's affidavit is fraud based upon material omissions. Hennessy only disclosed part of the facts and failure to disclose all the facts has left a false impression on this Honorable Court. It is well settled law that Attorney Hennessy owes her primary loyalty to the court before which she practices. See Malautea v. Suzuki Motor Co. LTD, 987 F.2d 1536,1546 (11th Cir. 1993)("All attorneys as 'officers of the court owes duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself."). See also Union Pacific Resources Group v. Phone Poulence, 247 F.3d 574, 586 (5th Cir 2001):

"...one party voluntarily discloses some but less than all material facts, so that he must disclose the whole truth. i.e. all material facts lest his partial disclosure convey a false impression...we conclude that RPI assumed the affirmative duty to make full disclosure when it volunteered some (but no all) material information about the transaction. It thereby obligated itself to speak the whole truth' it could not remain silent after merely making partial disclosures that conveyed a false impression."

Hennessy on the first page of her affidavit states: "On **June 1, 2014,** Applicant filed a post-conviction writ of habeas corpus alleging **several grounds** for relief, including **several grounds** alleging my performance as the appellate attorney was deficient.

3

"In preparing this affidavit, I have reviewed the following; the application, my file and the reporter's record for this case."

The trial court's order specifically required her to address:

1. Failed to file affidavit in support of motion for new trial.

2. Failed to bring forth issues specifically requested by Applicant as grounds for motion for new trial: that trial counsel was ineffective for not allowing Applicant view videos pretrial and that the leather jacket would not fit Applicant." Hennessy never stated why she did not file an affidavit with the motion for new trial as **ORDERED BY THE COURT.** Therefore, Hennessy is in contempt of court for her obvious failure to obey the reasonable specific orders of the court.

Additionally when Hennessy review her file she had a copy of Ex. B1-4 which I personally mailed her to be copied and keep one for herself before she filed the motion for new trial. Counsel was well aware before she filed the motion for new trail of the damaging nature of the video. Furthermore, she was aware that Applicant repeatedly requested E. Gray to allow him to review the video see Ex B3 which is a copy of the letter Applicant sent to Gray on 8-12-12 which stated in relevant part: "When can I view the video?" Ex. B4 dated 9-16-12 "When can I view the video?" Counsel was also aware of the state's plea of 5 years right up till the jury was sworn in. Hennessy was well aware of the highly inculpatory nature of the video and the persuasiveness it could have had on Applicant's decisin to accept the State plea offer if applicant been allowed to review it pretrial. This fact coupled with Hennessy's personally attestting to the fact in her affidavit to her high degree of professionalsim and top notch skills as a appellate attorney. Therefore, she was well aware of the holdings in Johnson v. State, 172 S.W. 3d 6, 19 (Tex.App.-Austin, 2005) ("If prior, to trial appellant has listened to the audiotape her overall strategy might have been

4

substantially different,. For example, she might have considered a plea."). It's obvious Hennessy is not being totally forthcoming and honest with all the relevant requested facts in her affidavit. As such her affidavit is conveying a false and misleading impressing upon the true factual allegation the Honorable Judge Kyle Hawthorn is seeking to resolve. Therefore, Hennessy's affidavit is not in compliance with the court's order.

**WHEREFORE, PREMISES CONSIDERED,** Applicant request that an immediate order be issued for a warrant for the arrest of Earl Gray and Mary Hennessy and they each be place in the county jail until they fully comply with the reasonable specific order of this Honorable Court, and grant Applicant any further or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause by addressing a copy to: Attorney, Earl Gray, 103 North Main, Bryan, Texas 77803, Mary Hennessy P.O. Box 2536, Breham, Texas 77834, District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this _____2nd_____ day of _____November_____, 2015.

Dave D. Greer

5

CAUSE NO. 12-03324-CRF-272-A

EX PARTE                          §       IN THE DISTRICT COURT OF

                                  §       272nd JUDICIAL DISTRICT

DAVID D. GREER                     §       BRAZOS COUNTY, TEXAS


## ORDER SETTING A HEARING DATE


A hearing is set for: APPLICANT'S MOTION TO ENFORCE THE COURT'S ORDER TO HOLD EARL GRAY AND MARY HENNESSY IN CONTEMPT OF COURT FOR THEIR REFUSAL AND FAILURE TO OBEY THE HONORABLE KYLE HAWTHORN'S COURT ORDER. A hearing is set in this court for this motion for ____ O'clock _____, M/PM on the _____ day of _____, 2015.


SIGNED on this the _____ day of _____, 2015.



                                          _____
                                          **JUDGE PRESIDING**





DC FILED
At 3:02 o'clock ___ M

JUL 0 8 2015

MARC HAMLIN, DIST CLERK
BRAZOS COUNTY, TEXAS
BY_____ Deputy

RCVD
FILED
o'clock ___ M
JUN 2 9 2015
DC
At

Cause No. 12-03324-CRF-272-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | BRAZOS COUNTY, TEXAS |
| DAVID GREER | § | 272nd JUDICIAL DISTRICT |

## <u>ORDER</u>

Pursuant to Tex. Code Crim. Proc. art. 11.07, §3(d), the Court is of the opinion that controverted, previously unresolved factual issues material to the legality of Applicant's confinement exist. Therefore, the Court designates the following issues of fact to be resolved:

In **Ground Ten** of the application, Applicant has alleged that **trial counsel** was a friend/co-worker of all state's witnesses and was operating under a conflict of interest.

In **Ground Twelve** of the application, Applicant has alleged that **trial counsel** was operating under a conflict of interest where he voluntarily helped or did "ride alongs" with the Brazos County Sheriff's Dept. on raids where all suspects are considered armed and dangerous, and he would have had to prove that his friends/co-workers did not follow procedure.

In **Ground Thirteen** of the application, Applicant has alleged the following claims of ineffective assistance of **trial counsel**; that trial counsel:

1. had a conflict of interest.

2. failed to properly present the motion to suppress or urge for a rehearing.

3. failed to object where the State allegedly failed to produce video 20 days before trial.

4. agreed to allow State to admit redacted version of inculpatory video and signed a stipulation allowing the State to do so without Applicant's knowledge.

5. did not object where the State failed to produce Deputy Ficke or CI for cross-examination.

6. failed to object to hearsay statements and request ruling.

7. failed to object to back door hearsay statements and request ruling.

8. failed to allow Applicant to review video so that Applicant could make an informed choice of whether to accept the State's offer or go to trial.

9. failed to object to admission of gun, video or jacket without establishing proper chain of custody.

10. failed to object when State stated that the Applicant was only in jail for the offense he is now convicted of.

11. failed to object when Applicant was not present at trial when jury sent out note and the judge sent back a reply.

12. failed to object when State presented false evidence (4 RR 87, l. 7-9).

13. failed to object when the State introduced the incomplete inventory list.

14. assisted the State in denying Applicant's right to cross-examine Deputy Ficke (4 RR 90, l. 7-9).

15. failed to object when State merged several videos into one and admitted the altered video without objecting to authentication. (4 RR 151, l. 6-7; 4 RR 144, l.

10-12; 4 RR 166, l. 19-20).

16. failed to allow the only defense witness to review the video before testifying because counsel said that would be witness tampering.

17. failed to object when the State misstated the law.

18. failed to object when State made improper jury arguments.

19. failed to request that the trial court make findings of fact and conclusions of law after motion to suppress was denied.

20. failed to object when the jury was allowed to take video and player into jury room during deliberations.

21. failed to object to State's use of video of custodial interrogation.

22. failed to pursue excupatory evidence, dispatch logs of Sheriff's Dept and Bryan Police Department, for February 16, 2012 at approximately 1 am thru 4 pm.

In **Ground Fourteen** of the application, Applicant has alleged a Sixth Amendment violation as to the following claims of ineffective assistance of **appellate counsel**; that appellate counsel:

1. failed to file affidavit in support of motion for new trial.

2. failed to bring forth issues specifically requested by Applicant as grounds for motion for new trial: that trial counsel was ineffective for not allowing Applicant view videos pretrial and that the leather jacket would not fit Applicant.

In **Ground Fifteen** of the application, Applicant has alleged a Fourteenth

9

Amendment violation as to the same claims alleged in Ground Fourteen.

In **Ground Sixteen** of the application, Applicant has alleged the following claims of ineffective assistance of **trial counsel**; that trial counsel:

1. failed to obtain ruling on motion to suppress.

2. failed to obtain findings of fact and conclusions of law on motion to suppress.

3. failed to argue the identification of Applicant by the CI.

4. failed to argue the identification of the CI.

5. failed to argue the inventory search as being incomplete and improper.

The Court finds that "[a]n ineffective assistance of counsel claim waives the attorney-client privilege. Model Rules of Prof's Conduct R. 1.6(b) (5); *see also United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986)." *Ex parte Cooper*, nos. WR-69098-01, WR-69098-02, 2008 WL 241464, *1, fn.1 (Tex. Crim. App. Jan. 30, 2008).

To assist the Court in resolving these factual issues, Earl Gray (trial counsel) and Mary Hennessy (appellate counsel) are ORDERED to file affidavits responding to the respective allegations as to trial or appellate counsel contained in the application; said affidavit must be filed with the District Clerk of Brazos County, Texas within ninety (90) days of the signing of this Order.

The District Clerk is also ORDERED to send a copy of this Order to the following:

10

1. Earl Gray, 103 North Main, Bryan, Texas 77803.
2. Mary Hennessy, P.O. Box 2536, Brenham, Texas 77834.
3. David Greer, #03322636, Scott Unit, 6999 Retrieve, Angleton, TX 77515.
4. Brazos County District Attorney's Office.

The Court hereby ORDERS the District Clerk of Brazos County to withhold preparing and transmitting the Record to the Court of Criminal Appeals until further Order of this Court.

SIGNED the 6 day of _____July_____, 2015.

_____
Presiding Judge

11